682 So.2d 814 (1996)
Dorothy CORMIER, Plaintiff-Appellant,
v.
Darren McDONOUGH, et al., Defendant-Appellee.
No. 96-305.
Court of Appeal of Louisiana, Third Circuit.
October 23, 1996.
*815 Lloyd Dangerfield, Lafayette, for Dorothy Cormier.
Brent Michael Maggio, Metaire, for Darren McDonough.
Before KNOLL, WOODARD, and DECUIR, JJ.
DECUIR, Judge.
This suit arises out of a rear-end collision. Plaintiff appeals a jury verdict finding that she was entitled to no damages, despite the admitted liability of the defendant. We affirm.

FACTS
On July 16, 1993, Dorothy Cormier was rear-ended by Darren McDonough while she was stopped at a traffic signal on Simcoe Street, in Lafayette. Cormier's vehicle sustained minor damage, and the parties chatted amicably until the police arrived. At that point, the parties separated and Cormier apparently began describing various symptoms to the officer on the scene. Subsequently, Cormier filed suit seeking damages for personal injury. McDonough and the owner of McDonough's vehicle, A & A Auto Rental, Inc. d/b/a Pachyderm Imports, and its insurer were all named as defendants. At trial, McDonough was determined to be a full-time student who was using a vehicle belonging to his father's business and not an employee of the company.
Approximately six weeks before this automobile accident, Cormier slipped and fell on her back in a grocery store. Cormier filed suit in that matter as well seeking damages for personal injury. Many of the injuries from the slip and fall were allegedly aggravated by the automobile accident.
The case was tried before a jury which found that Cormier was not injured in the automobile accident. Cormier filed motions for Judgment Notwithstanding the Verdict and for New Trial. The motions were heard by the court and both were denied. The trial judge found specifically that, "... credibility was and credibility specifically of the plaintiff was extremely important in this case.... But certainly, I can't say that reasonable persons could not have reached this verdict, looking at the evidence. I might, in fact, be hard-pressed to see it the other way."
Cormier lodged this appeal alleging that the jury erred in finding that she was not injured in the automobile accident and the trial court erred in failing to grant the motions for Judgment Notwithstanding the Verdict or a New Trial.

JURY DETERMINATION
It is well settled that a court of appeal may not set aside a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989). More recently, the Louisiana Supreme Court held in Stobart v. State Through DOTD, 617 So.2d 880 (La. 1993), that in order to reverse a fact finder's determination an appellate court must find that a reasonable factual basis does not exist for the finding and that the finding is clearly wrong. Finally, when findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's finding; for only the fact finder can be aware of variations in demeanor and tone of voice so crucial in determining the listener's understanding and belief of what is said. Rosell, 549 So.2d 840.
In the course of our review of the record in this case, we found at least fifteen instances where defense counsel during cross examination exposed falsehoods on the part of Cormier. Several of these instances were corroborated by visual evidence in the form of surveillance video which showed Cormier doing things she testified she was unable to do. Given the fact of Cormier's previous injuries and lawsuit, and the exposure of her numerous attempts to mislead the jury, we find no manifest error in the jury's finding that Cormier was not injured in the accident.

*816 JUDGMENT NOTWITHSTANDING THE VERDICT
The article controlling the use of a JNOV is La.Code Civ.P. art. 1811. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely where there is a preponderance of the evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making its determination, the court should not evaluate the credibility of witnesses, and all reasonable inferences should be resolved in favor of the non-moving party. Anderson v. New Orleans Public Service, 583 So.2d 829 (La.1991).
In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting it. This is done by using the criteria listed above just as the trial judge does in deciding whether to grant the motion. Batiste v. New Hampshire Insurance Company, et al, 94-1467 (La.App. 3 Cir. 5/3/95), 657 So.2d 168, writ denied, 95-1413 (La.9/22/95), 660 So.2d 472. The standard of review to be applied by the appellate court is manifest error. Terro v. Casualty Reciprocal Exchange, 93-593 (La.App. 3 Cir. 2/2/94), 631 So.2d 651, writ denied, 94-0522 (La.4/22/94), 637 So.2d 157.
At the outset, we note that the comments of the trial court regarding Cormier's credibility were not an impermissible substitution of his evaluation of credibility for that of the jury. Rather, they reflect an impartial recognition that the issue of credibility was no doubt important to the jury's determination.
After careful review of the record, we find that reasonable men exercising impartial judgment could reach differing conclusions in this case. Accordingly, the trial court properly denied the motion for JNOV.

MOTION FOR NEW TRIAL
Our jurisprudence uniformly holds that an order denying a motion for new trial is generally a non-appealable judgment, reviewable only under supervisory jurisdiction for abuse of discretion. Miller v. Chicago Ins. Co., 320 So.2d 134,136 (La.1975). However, in cases of irreparable injury, the court may treat an application styled an appeal as though it were a supervisory writ. Chandler v. Grass, 600 So.2d 852 (La.App. 3 Cir.1992). Cormier has alleged no such injury in this case. The issue, therefore, is not properly before us.

CONCLUSION
For the foregoing reasons, the findings of the jury and the judgments of the trial court are affirmed. All costs of this appeal are assessed to plaintiff, Dorothy Cormier.
AFFIRMED.