I GREMILLION, Judge.
This appeal arises from a lawsuit filed against Family Dollar Stores, Inc., by Amelia and Joseph Lavergne individually and on behalf of their minor children, Joseph and James. Amelia claims that on January 20, 1995, she slipped and fell on a bag containing a curtain that had been left on the floor of the Family Dollar Store located at 1312 North Martin Luther King Boulevard in Lake Charles, Louisiana. As a result of this fall, she claims to have suffered injury to her right knee and lower back, as well as mental anguish and anxiety due to the resulting disability. Joseph and the two children claim to have suffered injuries in the form of loss of consortium and the loss of the financial support provided by Amelia. Family Dollar denied the allegations and also asserted that the cause of the accident was either Amelia’s |2negligence, or the negligence of a third party over whom they had no control.
After a two-day jury trial, a verdict was returned in favor of Family Dollar. Amelia subsequently filed a Motion for New Trial and a Judgment Notwithstanding the Verdict. In its judgment denying both motions, the trial court found no compelling evidence to either overturn the jury’s verdict or grant a new trial. Amelia now appeals to this court, and makes the following assignments of error:
1. The trial court erred in denying plaintiffs motion for new trial on the grounds that the trial court failed to give notice to parties before allowing the jury to examine material admitted into evidence in violation of Code of Civil Procedure Article 1795.
2. The trial court erred in denying plaintiffs motion for new trial on- the grounds that the jury considered extrajudicial material consisting of plaintiffs medical records and correspondence between plaintiffs physician and her attorney, specifically ruled inad-missable by the court.
After a review of the record, we agree with the trial court and affirm its decision.
MOTION FOR NEW TRIAL
Under La.Code. Civ.P. art.1972, the trial court shall grant a new trial if the verdict or judgment appears clearly contrary to the law and evidence; a party discovers important evidence which could not have been obtained before or during the trial; or the jury was bribed or behaved improperly preventing the, administration of impartial justice. Additionally, the trial court has the discretion to grant a new trial “in any case if there is good ground therefor (sic), except as otherwise provided by law.” La.Code Civ.P. art.1973.
13This court will not reverse the trial court’s decision on either a motion for judgment notwithstanding the verdict or a motion for new trial in the absence of manifest error. Cormier v. McDonough, 96-305 (La.App. 3 *1090 Cir. 10/23/96), 682 So.2d 814; Turner v. Dameron-Pierson Co., Ltd,., 95-0143 (La.App. 4 Cir. 11/16/95), 664 So.2d 739.
Lavergne asserts that the trial court erred in denying her motion for a new trial because the jury was permitted to view evidence without the trial court giving notice to the parties as required by La.Code Civ.P. art. 1795, and the jury considered materials that were declared inadmissable by the trial court. La.Code Civ.P. art. 1795 reads as follows:
A. If the jury, after retiring for deliberation, requests a review of certain testimony or other evidence, they shall be conducted to the courtroom.
B. After giving notice to the parties, the court may have the requested testimony read to the jury and may permit the jury to examine the requested materials admitted into evidence.
Under La.Code Civ.P. art 1794(B), the trial court may allow the jury to take “any object or writing received in evidence, except for depositions” with them into the jury room.
The materials viewed by the jury that were not admitted into evidence were medical records concerning Lavergne’s care. These records consisted of bills, images of Lavergne’s knee, and correspondence between the doctor and the attorney for Lav-ergne. It is the correspondence to which the plaintiffs object most strenuously. Contained in one form is a notation made by the doctor’s staff that Lavergne’s attorney refused to pay for the surgery. Subsequent letters in this record, |4however, state that the attorney agreed to pay for the surgery. The jury was also permitted to view a defense exhibit consisting of a one page excerpt of Lavergne’s pretrial deposition.
We agree that the trial court committed error by not notifying the parties of the jury’s request to examine the evidence. Article 1795 clearly requires the trial court to give notice to the parties prior to turning over the materials requested by the jury. The trial court also erred by permitting the jury to view the medical records and the excerpt from Lavergne’s deposition which were not admitted into evidence. Article 1794 only allows the jury to take with them writings received in evidence with the exception of depositions. However, our finding of error does not necessitate that we reverse the trial court’s ruling. In Uriegas v. Gainsco, 94-1400, p. 13 (La.App. 3 Cir. 9/13/95), 663 So.2d 162, 170, writ denied, 95-2485 (La.12/15/95), 664 So.2d 458, we stated:
The possibility that the decision making process was tainted by an outside influence should not be overlooked as insignificant. Willis v. Louisiana Power & Light Co., 524 So.2d 42 (La.App. 2 Cir.), writ denied, 525 So.2d 1059 (La.1988). However, not every instance of jury misconduct necessitates the granting of a new trial. Gormley v. Grand Lodge, 503 So.2d 181 (La.App. 4 Cir.), writ denied, 506 So.2d 1227 (La.1987). Instead, the burden falls upon the mover to prove that the level of behavior was of such a grievous nature as to preclude the impartial administration of justice. Id.
To support her motion for a new trial, Lavergne presented the trial court with affidavits from three of the jurors stating that they did indeed view the materials complained of. However, we find that the medical records and the page of the deposition, when viewed as a whole, support Lavergne’s theory of her case. While there is the notation that her attorneys would not pay for the surgery, there are letters | sfrom her attorneys to the treating physician wherein they clearly state that they would pay for her medical treatment as well as the surgery. There are several notations by Lavergne’s treating physicians where they reflect that she told them that she tripped on a curtain in a bag on the floor in the Family Dollar Store. Finally, the records which were Dr. Foret’s, Lavergne’s treating physician, were not admitted because they were prejudicial, but because they were hearsay not properly authenticated by Dr. Foret while he was on the witness stand. It is clear the trial court erred in allowing this material to be presented to the jury during their deliberations, however, our review of the record and the proffered evidence leads us to the conclusion that the trial court was correct in denying the motion for new trial.
*1091 In order for Lavergne to prevail in this suit, the evidence must show that the condition of the store presented an unreasonable risk of harm to her and that the risk of harm was reasonably foreseeable; that Family Dollar either created or had actual or constructive notice of the conditions which caused the damage; and Family Dollar failed to exercise reasonable care. La.R.S. 9:2800.6. The jury in this case found no fault on the part of Family Dollar. The record contains more than ample evidence to support the jury verdict that Family Dollar was not negligent. There was credible testimony by the store manager, Lillian Barnes, that there was a policy in place on the date of the accident which required the employees to make a walking inspection of the store before opening and again every hour. Shana Fonte-not, the store clerk working at the time of the accident, testified that she walked down the aisle a few minutes prior to the accident and picked a curtain off of the floor and put it in its place. Barnes also testified that she had been down the aisle prior to the | ¡-.accident and did not see anything on the floor. Additionally, she stated that she was working on a display two aisles over from where the accident allegedly occurred and did not hear anything that sounded like someone falling. It is quite reasonable to believe that, based on this evidence, the jury could have found that the condition of the store did not present an unreasonable risk of harm, that the defendant did not create or did not have actual or constructive notice of the conditions which caused the damage, or that the defendant failed to exercise reasonable care. Therefore, we find that Lavergne failed to prove that the jury’s actions were of such a grievous nature as to preclude the impartial administration of justice. As such, we find these assignments of error to be without merit.
CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed at the cost of the plaintiffs-appellants.
AFFIRMED.