# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1172


## SUCCESSION OF ACHILLE BIJEAUX

## VERSUS

## MILDRED BOURQUE BROYLES, ET AL.


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2005-3771,
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.


**AFFIRMED.**

Stan Gauthier, II
Kristi D. Husher
Attorneys at Law
1405 West Pinhook Road, Suite 105
Lafayette, Louisiana 70503
(337) 234-0099
Counsel for Plaintiff/Appellee:
     Succession of Achille Bijeaux

James Patrick MacManus
Attorney at Law
225 West Main Street
Lafayette, Louisiana 70502
(337) 234-1720
Counsel for Defendant:
     Mildred Bourque Broyles

**G. Phillip Shuler, III**
**Michael D. Spencer**
**Chaffe Mccall, L.L.P.**
**1100 Poydras Street, Suite 2300**
**New Orleans, Louisiana  70163-2300**
**(504) 585-7000**
**Counsel for Defendant:**
     **John Hancock Life Insurance (U.S.A.)**

**Thomas A. Roberts**
**Gabriel A. Crowson**
**Juston M. O'Brien**
**Larry E. Mobley**
**McGlinchey Stafford, PLLC**
**643 Magazine Street**
**New Orleans, Louisiana  70130**
**(504) 586-1200**
**Counsel for Defendants/Appellants:**
     **Citigroup Corporate and Investment Banking, Inc.**
     **David Anderson Alford**

SULLIVAN, Judge.

Citigroup Corporate and Investment Banking, Inc. ("Citigroup"), as the successor to Salomon Smith Barney, Inc. ("Smith Barney"), and David Alford appeal a trial court judgment overruling their dilatory exception of prematurity and motion to compel arbitration. For the following reasons, we affirm.

**Procedural History**

The Succession of Achille Bijeaux ("the Succession") filed a petition for damages alleging that Mr. Alford, a Smith Barney employee, and Mildred Bourque Broyles fraudulently purchased two annuities with funds from the decedent's Smith Barney account. Citigroup, as Smith Barney's successor, and Mr. Alford filed a dilatory exception of prematurity and motion to compel arbitration based upon the arbitration clauses in two "Account Agreements" that the decedent allegedly signed. The Succession opposed the exception and motion, arguing that Defendants failed to prove the existence of a valid, enforceable arbitration agreement and, in particular, contending that the decedent was incapable of understanding the "Account Agreements" due to his illiteracy and advanced age and that the annuity contracts themselves did not contain arbitration clauses.

At the hearing on the exception and motion on March 1, 2006, the following exchange occurred between counsel and the trial court:[1]

> MR. GAUTHIER [Attorney for the Succession]: Your Honor, if I may, we don't have any evidence yet because this is the hearing where you present the evidence. You don't do it in briefs unless you're going to do a motion for summary judgment. This is simply an exception of prematurity. We're putting the cart before the horse here. They are alleging that an arbitration agreement exists. There is no arbitration agreement in evidence right now. All we have is what's attached to his brief, which has not been introduced into evidence, so until he gets that in there we can't even consider that.

---

[1]Also heard that same day was a peremptory exception of prescription that the trial court overruled and that is not part of this appeal.

THE COURT: Anything further?

MR. CROWSON [Attorney for Citigroup]: No. I mean, my client agreement was attached to the motion so I think it's in the record now and it wasn't refuted in the papers.

MR. GAUTHIER: In the record and in evidence are two (2) entirely different things, Your Honor. We need to get it in evidence and it's not in evidence today and there's no arbitration agreement to consider.

THE COURT: Exception is overruled.

Citigroup and Mr. Alford filed an application for supervisory writs to this court, which we denied in an unpublished ruling bearing docket number CW 06-677 (La.App. 3 Cir. 7/24/06). They also filed this appeal, assigning as error the trial court's failure to require the Succession to submit to arbitration and its failure to consider the agreements containing the arbitration clauses when the Succession judicially confessed and relied on the agreements in support of their cause of action.

**Opinion**

Louisiana Code of Civil Procedure Article 930 provides in part: "On the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." Further, when the failure of a party to arbitrate in accordance with the terms of an agreement is raised by the exception pleading prematurity, "the defendant pleading the exception has the burden of showing the existence of a valid contract to arbitrate, by reason of which the judicial action is premature." *Cook v. AAA Worldwide Travel Agency*, 360 So.2d 839, 841 (La.1978).

In the present case, the minutes of the trial court do not indicate that any evidence was introduced in support of or in opposition to the exception and motion, and counsel for Defendants represented to the trial court that the client agreements

2

at issue had only been attached to pleadings filed in connection with the exception and motion. As the above exchange indicates, the trial court did not reach the merits of the dilatory exception of prematurity, but instead denied it solely on the basis of counsel's failure to introduce the attached client agreements into evidence.

As this court pointed out in *Abshire v. Belmont Homes, Inc*., 04-1200, p. 2 (La.App. 3 Cir. 3/2/05), 896 So.2d 277, 280, *writ denied*, 05-862 (La. 6/3/05), 903 So.2d 458, documents that were merely "attached to the pre-hearing memoranda filed by the litigants" were not properly introduced into evidence at the hearing on a dilatory exception. However, this court went on to review those documents because the litigants in that case "treated the documents as if they were introduced; therefore, we will treat their acknowledgment as a judicial confession of the existence of the documents as evidence." *Id.* In the present case, however, counsel for the Succession's objection to the incompleteness of the record precludes us from proceeding accordingly. Based upon the record before us, we find that the trial court did not err in overruling the exception of prematurity.

**Decree**

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendants-Appellants, Citigroup and Mr. Alford.

**AFFIRMED.**