STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1342

SUCCESSION OF ACHILLE BIJEAUX

VERSUS

MILDRED BOURQUE BROYLES, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2005-3771
HONORABLE PATRICK MICHOT, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of, John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

APPEAL DISMISSED.

Stanford B. Gauthier, II
Kristi D. Husher
Attorney at Law
1405 West Pinhook Road, Suite 105
Lafayette, LA 70503
(337) 234-0099
COUNSEL FOR PLAINTIFF/APPELLEE:
    Succession of Achille Bijeaux

James Patrick MacManus
Attorney at Law
Post Office Box 4708
Lafayette, LA  70502
(337) 234-1720
COUNSEL FOR DEFENDANT/APPELLEE:
    Mildred Bourque Broyles

**George Phillip Shuler, III**
**Michael D. Spencer**
**Chaffe McCall, LLP**
**1100 Poydras Street, Suite 2300**
**New Orleans, LA 70163**
**(504) 585-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**John Hancock Life Insurance (U.S.A.)**

**Thomas A. Roberts**
**Barrasso, Usdin, Kupperman**
**909 Poydras Street, Suite 2400**
**New Orleans, LA 70112**
**(504) 589-9700**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Citigroup Global Market, Inc. and**
**David Alford**

**Gabriel A. Crowson**
**McGlinchey Stafford**
**643 Magazine Street**
**New Orleans, LA 70130**
**(504) 586-70130**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Citigroup Global Market, Inc. and**
**David Alford**

PETERS, Judge.

On October 31, 2007, this court issued a rule for the appellants, Citigroup Corporate and Investment Banking, Inc. d/b/a Smith Barney and David Anderson Alford, to show cause why the appeal in the instant case should not be dismissed as having been taken from a non-appealable interlocutory ruling. For the reasons below, we dismiss the appeal.

Appellee, Succession of Achille Bijeaux, filed the instant action claiming that defendant, Mildred Bourque Broyles, with the assistance of the other defendants to this action, had fraudulently purchased two annuities with the decedent's funds. The appellants responded to the action claiming that the succession's claims must first be submitted to arbitration in accordance with the contracts executed by the decedent. Following a hearing on the motion seeking to compel arbitration, the trial court denied the demand for arbitration, citing the relators' failure to introduce the agreements containing the arbitration clauses into evidence.

Appellants filed both an application for supervisory review of this ruling denying the arbitration and an appeal. This court denied the application for writs and separately affirmed the trial court's ruling on appeal. *See Succession of Bijeaux v. Broyles*, 2006-1172 (La.App. 3 Cir. 2/7/07), 951 So.2d 490.

Meanwhile, in addition to seeking appellate review of the trial court's ruling, appellants filed in the trial court a Motion to Reconsider Dilatory Exception of Prematurity and Motion to Compel Arbitration and Stay Proceeding. Consideration of this motion was delayed pending this court's review of the above-referenced supervisory writ application and appeal. Once this court rendered its rulings, though, the trial court set the motion for reconsideration for hearing. At the hearing, the trial

1

court denied the motion for reconsideration. Once again, appellants have filed an application for supervisory writs and an appeal from the trial court's ruling.

Appellants argue that the agreements at issue in this litigation are subject to the Federal Arbitration Act, 9 U.S.C. §§1, *et seq.* Appellants assert that since the result of the trial court's ruling denying the motion to reconsider is to deny the appellants' demand for arbitration, federal law mandates that an appeal be permitted from this ruling. We disagree.

The Louisiana Code of Civil Procedure does not expressly provide for a motion to reconsider. However, La.Code Civ.P. art. 865 provides that "[e]very pleading shall be so construed as to do substantial justice. In La.Code Civ.P. art. 5051, the code further provides that "[t]he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." In light of the jurisprudential philosophy of liberal construction of pleadings, in *Clement v. American Motorist Ins. Co.*, 98-504 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, 672, this court set forth the standard for review of a trial court's ruling on a motion to reconsider as follows:

> Accordingly, the sole issue before us is whether the trial court abused its discretion in declining to grant the motion to reconsider. As an interlocutory order, a motion to reconsider is like a motion for new trial. The denial of a motion for new trial is reviewable only under our supervisory jurisdiction for abuse of discretion. *Cormier v. McDonough*, 96-305 (La.App. 3 Cir. 10/23/96); 682 So.2d 814.

Thus, like the denial of a motion for new trial, the review of a denial of a motion to reconsider is an interlocutory ruling.

The ruling at issue in this appeal is the refusal of the trial court to reconsider its prior ruling which was affirmed by this court on appeal. Thus, we hold that this judgment is not a ruling denying a request to compel arbitration and, therefore, is not subject to the federal law regarding judgments on demands for arbitration.

2

Louisiana Code of Civil Procedure Article 2083, recently amended, now provides the  following, "[a]n interlocutory judgment is appealable only when expressly provided by law."  Under the revised article, a judgment denying a motion to reconsider is not appealable because it has not expressly been provided by law. Therefore, this court lacks appellate jurisdiction of this matter.  Accordingly, the appeal is dismissed.

**APPEAL DISMISSED.**