STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

FRANK'S CASING CREW & RENTAL TOOLS, INC.

VERSUS

DAVID L. SIPOS, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2005-0684
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

Genovese, J., concurs in the result.

AFFIRMED.

William W. Stagg
Tiffany C. Babineaux
Durio, McGoffin, Stagg & Ackermann
P. O. Box 51308
Lafayette, LA 70505
(337) 233-0300
Counsel for Defendants/Appellants:
    Vermilion River Tool & Equipment, Co., Inc.
    David L. Sipos

Edward C. Abell, Jr.
Onebane Law Firm
P. O. Box 3507
Lafayette, LA 70502-3507
(337) 237-2660
Counsel for Plaintiff/Appellant:
    Frank's Casing Crew & Rental Tools, Inc.

**Guy E. Matthews**
**Bruce R. Coulombe**
**Matthews, Lawson & Bowick, PLLC**
**2000 Bering Drive, Suite 700**
**Houston, Texas 77057**
**(713) 355-4200**
**Counsel for Plaintiff/Appellant:**
**Frank's Casing Crew & Rental Tools, Inc.**

**Richard  J. Putnam, Jr.**
**Richard Johnson Putnam III**
**Putnam Law Firm**
**118 S. State Street**
**Abbeville, LA 70511-1045**
**(337) 893-0076**
**Counsel for Plaintiff/Appellant:**
**Frank's Casing Crew & Rental Tools, Inc.**

**DECUIR, Judge.**

Frank's Casing Crew and Rental Tools, Inc. (Frank's) filed suit against its former employee, David L. Sipos, and his company, Vermilion River Tool & Equipment Co., Inc. (VERTECO), alleging breach of a confidentiality agreement and violations of the Louisiana Unfair Trade Practices Act, La.R.S. 51:1401 *et seq.*, and the Uniform Trade Secrets Act, La. R.S. 51:1431 *et seq.* After a jury trial, judgment on the merits was rendered in favor of the defendants, and the plaintiff's claims were found to be in bad faith, warranting an award of attorney fees. Frank's now appeals the jury verdict alleging jury misconduct and manifest error in the decision reached by the jury. Sipos and VERTECO also appeal the trial court's ruling on Frank's motion for summary judgment and preliminary and permanent injunctions. For the following reasons, we affirm *in toto* the decisions rendered below.

David Sipos worked for Frank's for ten years, from 1994 through 2004. He was the head of the Special Operations Group, a design and engineering group charged with the responsibility to conceive, invent, and construct new oilfield tools for Frank's. Sipos was an experienced tool designer when he came to work for Frank's, having a number of patents to his credit. At the start of his employment with Frank's, Sipos signed a confidentiality agreement, a contract which precluded Sipos from disclosing to third parties any of Frank's confidential and proprietary information.

At issue in this case is a tool known as a flush mounted rotary spider, which is a piece of oilfield equipment used to handle casing or drill pipe on a drilling rig. After leaving Frank's, Sipos set up his own company, VERTECO, and shortly thereafter obtained a contract to design a new rotary spider for a competitor of Frank's. The new design produced by Sipos is the subject of this suit. Frank's

contends that Sipos relied on confidential and proprietary information belonging to Frank's in the design of the new tool. In his defense, Sipos contends the information consisted of his own drawings and calculations, as well as generally known and readily available information obtained from textbooks, patent records, experts in the field, and the internet. This case does not involve any allegations of patent infringement.

Prior to trial, Frank's moved for summary judgment on the limited question of whether Sipos violated the terms of the confidentiality agreement with regard to six specific pieces of information: (1) the design of a flush mounted spider with a universal profile, (2) a computer aided design ("CAD") template adapted by Frank's to aid in the design of flush mounted spiders and other oilfield tools, (3) a spring calculator algorithm used within the context of EXCEL spreadsheet applications, (4) the concept for the manufacture of flush mounted spiders by the use of bolted plate construction, (5) the design and concept of a dual rail slip, and (6) the design and concept of a slip retracting spring. All other issues, including other disputed information, damages, and statutory trade practices and trade secrets violations, were deferred to the jury trial. After thorough consideration, summary judgment was rendered in Frank's favor based on the finding that items (1) through (4) were confidential and proprietary information taken by Sipos in violation of the confidentiality agreement signed by him. The court enjoined Sipos and VERTECO from using or disclosing any of the four items "until trial on the merits of this case." Sipos and VERTECO have now appealed the summary judgment and injunction.

The remaining issues in the case were then presented to a jury in a three and a half week trial. The jury was asked to consider the confidential and proprietary

2

nature of thirteen other pieces of information to which Sipos may have had access after he left his employment with Frank's and found that none of that information was confidential and proprietary. Regarding the information which was the subject of the prior summary judgment, the jury found that the products developed by Sipos and VERTECO were not substantially derived from Frank's confidential and proprietary information, including specifically the CAD template and the design of a flush mounted spider with a universal profile. The jury also found that Frank's suffered no damages as a result of Sipos' breach of the confidentiality agreement. On the unfair trade practices claim and the trade secrets claim, the jury found in favor of Sipos and further found that those claims were pursued by Frank's in bad faith. The trial court then rendered judgment in favor of the defendants and awarded attorney fees in the amount of $526,662.62, expert witness fees, and costs. Frank's has appealed the judgment, alleging jury misconduct, the use of invalid evidence, and manifest error in the finding of bad faith and the denial of damages.

Our review of the voluminous record reveals no error in the judgments rendered below. The basic dispute in this case is whether Sipos, in his design of a new rotary spider, improperly and illegally relied on information that belonged exclusively to Frank's. Frank's contends that Sipos gathered a variety of information from the public domain only *after* Frank's confronted him about breaching the confidentiality agreement by using and disclosing programs, drawings, calculations, and concepts he obtained or created while working for Frank's. Sipos counters that argument by showing that his design is different from anything produced by Frank's and is not derived from any particular source misappropriated from Frank's. Rather, the new design is derived from his experience, general engineering principles,

published patent applications, documents readily provided by colleagues in the oilfield engineering industry, and other public domain sources. Sipos also states that some of the concepts Frank's has accused Sipos of copying are detailed in brochures published by Frank's for distribution to customers and the general public.

Frank's urges this court to adopt pertinent federal court holdings such as *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 652-53 (5th Cir. 1997), which stated "Protection will be accorded to a trade secret holder against disclosure or unauthorized use gained by improper means, even if others might have discovered the trade secret by legitimate means." *See also*, *Standard Brands, Inc. v. Zumpe*, 264 F. Supp. 254 (E.D. La. 1967). The evidence before us, however, reveals the fallacy of this argument as it pertains to this particular case: Frank's failed to prove that anything actually relied upon by Sipos was a trade secret of Frank's or otherwise confidential. While it is certainly true that Frank's does in fact own proprietary information, in this case, Frank's has been unable to show that any of that information was stolen by Sipos and then used to design his new spider. Rather, Sipos, an experienced tool designer with specialized skill and knowledge who was referred to as the "Einstein of flush mounted spiders," was able to show that the information he relied on was not only part of his own knowledge and skill, but was also available to the industry as a whole and, therefore, was not secret. The *Standard Brands* case actually highlights the public interest in "the reasonable mobility of such skilled persons from job to job in our fluid society . . . [who] must be afforded a reasonable opportunity to change jobs without abandoning the ability to practice [their] skills." 264 F.Supp. 254, 259.

Therefore, Frank's evidentiary arguments regarding improper, public domain "hindsight" information gathered after misappropriating the same information from Frank's is simply untenable.

The jury rejected Frank's claims that numerous pieces of information available to Sipos were confidential, and it also rejected the contention that certain information found to be confidential by the trial court was used by Sipos in his design of a new spider. Frank's urges this court to find that jury misconduct led to these conclusions and requires reversal. The allegation of misconduct was addressed by the trial court, and nine members of the jury were deposed post-trial, as were other witnesses. The evidence showed that some jurors may have spoken briefly about the case prior to the start of deliberations, and the alternate juror may have heard these comments. Other alleged misconduct included one juror bringing a legal dictionary into the jury room and another presenting a "CAD" drawing he had done himself. The trial court thoroughly considered the testimony and determined that Frank's was not deprived of a fair and impartial trial. A new trial was not warranted. We agree. As this court has previously held, "the burden falls upon the mover to prove that the level of behavior was of such a grievous nature as to preclude the impartial administration of justice." *Lavergne v. Family Dollar Stores, Inc.*, 97-1005 (La.App. 3 Cir. 2/4/98), 706 So.2d 1088. Frank's did not meet its burden of proof on this issue.

Frank's next contends the trial court erred in failing to award damages. The absence of damages was a factual determination by the jury. Knowing that the trial court had previously found Sipos breached the confidentiality agreement with regard to four pieces of information, the jury nevertheless found Frank's had not suffered any damage or injury as a result of that breach. Indeed, a review of Frank's economic

5

evidence supports that finding. Frank's failed to show any damages related to the alleged misappropriation of information or specific concepts or designs. Instead, Frank's attempted to show a loss of market share because VERTECO now makes flush mounted spiders, but the testimony included no market share analysis other than the admission that Frank's market share had actually *increased* in recent months, as had its gross profits. Frank's witnesses also admitted knowing that its other competitors now manufacture flush mounted spiders. Damages were properly denied.

We likewise find no merit to Frank's dissension from the jury's finding of bad faith. Both the Louisiana Unfair Trade Practices Act and the Uniform Trade Secrets Act provide for damages in the event a plaintiff's claims are found to have been brought in bad faith. Louisiana Revised Statutes 51:1409 authorizes an award of reasonable attorney fees and costs. Likewise, La.R.S. 51:1434 provides for reasonable attorney fees. Frank's does not dispute the amount awarded to the defendants in this case. Rather, Frank's contends any award is erroneous because the trial court's prior summary judgment in its favor negates any finding of bad faith. To the contrary, the summary judgment was merely a determination that the confidentiality agreement had been breached in what was later found to be insignificant ways. The claims pursued by Frank's in bad faith are alleged unfair trade practices and the alleged misappropriation of trade secrets. The totality of the evidence shows that Frank's, a multimillion dollar company, intended to put Sipos out of business. The trade practice at issue was the engineering work in development by Sipos and his company. The trade secrets at issue mainly involved mathematical formulae, computer software, and concepts advertised freely by Frank's. These claims went far beyond the contract issues decided by the trial court.

6

Finally, we address the permanent injunction issued by the trial court. After trial on the merits, a permanent injunction "in conformity with the prior rulings of the Court, the verdict of the jury as to the questions presented to the jury, the law and the evidence" was issued, permanently enjoining the defendants from "using or disclosing any one or more of the . . . four items of Frank's Confidential and Proprietary Information" as found in the summary judgment. The injunction, though permanent, was "intended to remain in force until final termination of the suit" as stated by the trial court in reasons for judgment issued after the jury trial was concluded. Therefore, the constraints of the injunction will terminate after all appeal delays have run. We affirm that ruling and decline to expand or extend the injunction as requested by Frank's.

Finally, considering the goals of efficient judicial administration discussed by this court in *Fakier v. State of LA, Bd. of Sup'rs*, 08-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024, we decline to conduct a *de novo* review of the trial court's ruling on summary judgment, as the ruling is moot given the limitations of the injunction and the conclusions reached by the fact finder after trial on the merits.

Finding no manifest error in the judgment rendered below, we affirm. Because both parties pursued separate appeals, costs are assessed equally to the defendants and the plaintiff.

**AFFIRMED.**

7