# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-72


KEVIN BARBER

VERSUS

DERICK JEFFERSON, ET AL.


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 46564
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## DAVID E. CHATELAIN*
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, John E. Conery, and David E. Chatelain, Judges.


**AFFIRMED.**


_____
    *Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Elton Herron**
**37218 Audubon Park Avenue**
**Geismar, LA 70734**
**(504) 723-8782**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Kevin Barber**

**Edmond D. Jordan**
**Jordan Law Group, LLC**
**P.O. Box 490**
**Brusly, LA 70719**
**(225) 590-5957**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Kevin Barber**

**Fred Schroeder**
**Craig E. Frosch**
**Ronald S. Bryant**
**Usry, Weeks & Matthews, APLC**
**1615 Poydras Street, Suite 1250**
**New Orleans, LA 70112**
**(504) 592-4600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Randy Maxwell, Sheriff**

**CHATELAIN, Judge.**

The plaintiff, Kevin Barber (Barber), appeals the trial court's judgment denying his Motion for Reconsideration of Dismissal for Abandonment. For the following reasons, we affirm the decision of the trial court.

## PROCEDURAL HISTORY

On July 23, 2010, Barber was the passenger in a vehicle which was involved in a high-speed chase. The vehicle was driven by Derrick Jefferson (Jefferson) and owned by Ed Woods (Woods).[1] Barber alleges that the chase began when a Concordia Parish Sheriff's Office (CPSO) vehicle driven by Officer Dennis Mulvihill (Mulvihill), "for no apparent reason," began pursuing the vehicle in which he was a passenger. According to Barber, Jefferson attempted to elude Mulvihill by speeding and driving "in a wild, erratic and unsafe manner." Barber claimed that he pleaded with Jefferson to let him out of the vehicle. The "chase ended with Jefferson violently crashing the vehicle, causing Barber to be ejected from the vehicle with severe injuries."

On July 22, 2011, Barber filed a Petition for Damages naming as defendants: Jefferson; Woods; Mulvihill; CPSO Sheriff Randy Maxwell (Sheriff Maxwell); Safeway Insurance Company (Safeway), Woods's automobile liability insurer; and XYZ Insurance Company (XYZ), CPSO's liability insurer. Although Barber's petition requested service of the petition and citation on the defendants,[2] service was not attempted on any of the defendants at that time. On December 21, 2012, Barber's counsel again requested that service be made on the defendants.[3] Service

---

[1] Although not clear from the record, it appears that Barber and Jefferson were the only passengers in the vehicle at the time of the chase.

[2] Barber's petition requested that service on XYZ be held.

[3] The record contains no explanation for the delay. Sheriff Maxwell asserts that the petition was misplaced, and Barber simply refers to the delay as inexplicable.

of process on Mulvihill was attempted on that same day at the CPSO but was unsuccessful because he was "[n]o longer employed" there. On January 2, 2013, service was attempted on Sheriff Maxwell at the CPSO, but the petition and citation were actually served on Sheriff Kenneth Hedrick (Sheriff Hedrick) as he was the current CPSO Sheriff.[4] Jefferson was served on December 26, 2012; Safeway and Woods were served the next day. There is no proof of service for XYZ in the record.

On January 15, 2013, counsel for Sheriff Maxwell filed an Exception of Insufficiency of Service of Process, asserting that service on Sheriff Hedrick was invalid,[5] and Sheriff Maxwell would need to "be served via either personal or domiciliary service." Counsel then requested that the service on Sheriff Maxwell "be declared invalid and stricken from the record." A Rule to Show Cause was then scheduled for February 11, 2013, on the exception.

On January 28, 2013, Sheriff Maxwell filed a Motion to Continue Hearing on the rule to show cause, which the trial court signed on January 31, 2013, continuing it until February 25, 2013. Barber asserts that both parties discussed the insufficiency of the service of process and concluded that it could be cured by amending his petition to substitute Sheriff Hedrick for Sheriff Maxwell.[6] Both

---

[4] The record neither shows when Sheriff Maxwell retired nor when Sheriff Hedrick assumed office.

[5] As provided in La.R.S. 13:5102(B)(1) a sheriff is considered a political subdivision. Further, as provided in La.R.S. 13:5107(B) service of citation and process may be made either on a designated agent, if one is provided, or on the agency head. Because of the posture of the present case, we are not called upon to assess the validity of the service of process.

[6] Even though this curative substitution may have been discussed, the record is void of any pleading to substitute Sheriff Hedrick for Sheriff Maxwell and have the former served with citation and process in accordance with La.R.S. 13:5102(B).

parties assert that they then requested the February 25, 2013, hearing be continued without date, which the trial court did.[7]

On March 2, 2016, Sheriff Maxwell filed an Ex Parte Motion to Dismiss Suit on Grounds of Abandonment, alleging in the codally required affidavit that the last step in the prosecution in this case occurred on January 28, 2013; therefore, under La.Code Civ.P. art. 561, the suit was abandoned. On March 14, 2016, the trial court signed the order granting Sheriff Maxwell's motion to dismiss. Barber's counsel was served with the order granting the motion to dismiss on March 28, 2016.

On April 20, 2016, Barber filed a Motion for Reconsideration of Dismissal for Abandonment.[8] After Sheriff Maxwell filed an opposition to Barber's motion to reconsider and after various hearing delays, Barber's motion to reconsider was heard before the trial court; only Sheriff Maxwell's counsel was present in court that day. After confirming service of the reset hearing on Barber's motion to reconsider, the trial court signed the judgment, dismissing Barber's motion to reconsider on July 11, 2016. It is from this judgment that Barber timely appeals.[9]

On appeal, Barber raises two assignments of error: (1) the trial court erred when it granted Sheriff Maxwell's Motion to Dismiss on Grounds of Abandonment because his Exception of Insufficiency of Service of Process was a mere technical form of pleading that violated the language and spirit of La.Code Civ.P. art. 5051, and Louisiana jurisprudence on La.Code Civ.P. art. 561 disfavoring dismissal

---

[7] There is no order in the record signed by the trial court continuing the hearing without date. Additionally, the parties' briefs make it seem that the request was made on February 25, 2013, at the hearing, but the minutes from that hearing, if it took place, are not in the record.

[8] As stated, in part, in La.Code Civ.P. art. 561(A)(4), "A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal."

[9] Louisiana Code of Civil Procedure Article 561(A)(5) states: "An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial."

3

based on mere technicalities; and (2) the trial court erred when it granted Sheriff Maxwell's Motion to Dismiss on Grounds of Abandonment, because the continuance of the February 25, 2013 Rule to Show Cause hearing without date was based on an understanding between counsel for both parties that Sheriff Maxwell's Exception of Insufficiency of Service of Process would be made moot by Barber's act of simply naming the current Sheriff in his petition, notwithstanding the fact that the current Sheriff of Concordia Parish was the individual upon whom service of process had actually been effectuated.

## ABANDONMENT: PROCEDURE FOR APPEAL

This court discussed the appropriate procedure for appealing an ex parte motion to dismiss for abandonment of an action in *Scarborough v. Duke*, 514 So.2d 489, 490 (La.App. 3 Cir. 1987), where it stated:

> The jurisprudence has held that the remedy available to a party suffering such an ex parte dismissal is to motion the trial court to conduct a hearing on a rule to show cause why the judgment of dismissal should not be vacated and set aside. After an adverse judgment is rendered on the rule to show cause, the trial court thus affirming the dismissal, the party suffering dismissal is then to appeal the judgment of the rule to show cause.

In the present case, upon receipt of the notice of the signing of the ex parte motion to dismiss, Barber filed a motion to reconsider, requesting the trial court hold a rule to show cause to reconsider its dismissal of this action on grounds of abandonment. It has been well recognized jurisprudentially that the Louisiana Code of Civil Procedure does not provide for a motion to reconsider. *Succession of Bijeaux v. Broyles*, 07-1342 (La.App. 3 Cir. 12/5/07), 970 So.2d 1252; see also *Pouncy v. Winn-Dixie La., Inc.*, 14-496 (La.App. 5 Cir. 9/24/14), 150 So.3d 909; *Jennings v. J. Ray McDermott Holdings, Inc.*, 99-3161 (La.App. 4 Cir. 4/5/00), 760 So.2d 462. Nevertheless, La.Code Civ.P. art. 865 provides that "[e]very pleading shall be so construed as to do substantial justice." Louisiana Code of Civil

4

Procedure Article 5051 further provides that "[t]he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." Moreover, "[t]he caption of the pleading does not control. Rather, the court is obligated to determine the substance of the pleading." *Pouncy*, 150 So.3d at 911 (citations omitted).

Considering the liberality accorded pleadings and after carefully scrutinizing the motion in question, we will treat Barber's timely motion for reconsideration of dismissal as a motion to set aside the trial court's March 28, 2016 order of dismissal. Therefore, Barber's appeal from the July 11, 2016 judgment, in which the trial court ultimately affirmed its March 14, 2016 judgment, granting the motion to dismiss, is an appeal of the judgment of the rule to show cause.[10]

## OVERVIEW: MOTION TO ABANDON AN ACTION

"An action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]" La.Code Civ.P. art. 561(A)(1). An action is abandoned "without formal order," but if a party files an ex parte motion "which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment." La.Code Civ.P. art. 561(A)(3).

This court set forth the standard of review for abandonment issues in *Lyons v. Dohman*, 07-53, p. 4 (La.App. 3 Cir. 5/30/07), 958 So.2d 771, 774 (citations omitted) when it held that:

---

[10] In *Clement v. American Motorist Insurance Co.*, 98-504, p. 4 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, 672, *writ denied*, 99-603 (La. 4/23/99), 742 So.2d 886, this court said that "a motion to reconsider is like a motion for new trial." See also *Succession of Bijeaux*, 970 So.2d 1252; *Pouncy*, 150 So.3d 909. Unlike the classification of the denial of a motion for a new trial as an interlocutory judgment, see *Dietz v. Superior Oil Co.*, 13-657 (La.App. 3 Cir. 12/11/13), 129 So.3d 836, La.Code Civ.P. art. 561 classifies the denial of an order seeking to set aside the dismissal of an action for abandonment as a judgment subject to appeal.

Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law which we review by simply determining whether the trial court's interpretative decision is correct.

## ABANDONMENT ON THE MERITS

In his first assignment of error, Barber argues that the trial court erred in granting the motion to dismiss, because Sheriff Maxwell's Exception of Insufficiency of Service of Process was a "mere technical form of pleading that violated the language and spirit" of La.Code Civ.P. art. 5051. Barber also argues that the jurisprudence interprets La.Code Civ.P. art. 561 "disfavor[s] dismissal based on mere technicalities." Barber asserts that the trial court granted the ex parte motion to dismiss based on Sheriff Maxwell's exception, which was used "as a technical maneuver to avoid answering Plaintiff's petition (particularly in light of the fact that the Sheriff of Concordia Parish was indeed the proper party to be served)." Barber repeatedly asserts in his brief that had Sheriff Maxwell been served when the petition was filed, like he requested, proper service would have been made. It was only this delay in service, according to Barber, that resulted in the wrong sheriff being named in his petition.[11]

Barber cites four cases as support of his argument -- all maintaining the proposition that abandonment is a harsh remedy that is not appropriate for mere technicalities, and any doubt should be resolved in favor of finding the case not abandoned. *Felo v. Ochsner Med. Ctr.-Westbank, LLC*, 15-459 (La.App. 5 Cir. 12/23/15), 182 So.3d 417, *writ denied*, 16-232 (La. 4/8/16), 191 So.3d 584; *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779; *Hidalgo v. Catfish Queen P'ship in Commendam*, 06-1531 (La.App. 1 Cir. 5/4/07), 961 So.2d

---

[11] There is nothing in the record that indicates when Sheriff Hedrick was elected or took office. Accordingly, we cannot determine whether the delay in service is the sole cause of the wrong CPSO sheriff being served.

6

434; *Hutchison v. Seariver Mar., Inc.*, 09-410 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, *writ denied*, 09-2216 (La. 12/18/09), 23 So.3d 946.

After carefully reviewing these cases, it is readily apparent that they are distinguishable from the present case. All of this jurisprudence involves instances where the appellate court was called upon to determine whether a party's actions constituted a step in the prosecution of the case sufficient to defeat a motion for dismissal of an action for abandonment. Unlike those cases, Barber points to no action in the present case that would have constituted a step in the prosecution or defense of this case. To the contrary, the record is clear that three years elapsed with no action having been taken in the prosecution or the defense of the suit. Accordingly, this assignment of error lacks merit.

In his second assignment of error, Barber asserts that the Sheriff of Concordia Parish had been effectively served, and that plaintiff's counsel relied in good faith on an agreement to indefinitely continue the February 25, 2013 Rule to Show Cause on Sheriff Maxwell's declinatory exception of insufficiency of citation and service of process.

Barber's reliance on the indefinite continuation of the rule to show cause as a reason that may have prevented the tolling of the three-year abandonment period is misplaced. In *Hutchison*, 22 So.3d at 994, the appellate court held that "[a] joint motion to continue without date or indefinitely is not considered a step in the prosecution of a case, since by its very nature, an *indefinite* continuance is not intended to hasten the matter to judgment." See also *Bourg v. Entergy La., L.L.C.*, 12-829 (La.App. 5 Cir. 4/10/13), 115 So.3d 45, *writ denied*, 13-1064 (La. 6/21/13), 118 So.3d 421 (holding that a motion to continue a hearing was not a cognizable

step preventing abandonment because a continuance does not hasten a case toward judgment).[12] For these reasons, we find this assignment of error, too, lacks merit.

## DISPOSITION

For the foregoing reasons, we affirm the decision of the trial court which denied Barber's motion to set aside the trial court's order that dismissed this action for abandonment. Costs of this appeal are assessed to Kevin Barber.

**AFFIRMED.**

---

[12] The jurisprudence has addressed the question of whether a cause outside the record may prevent the accrual of the necessary years required for abandonment upon which to base an ex parte dismissal. In *Clark v. State Farm Mutual Automobile Insurance Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779, 784-85 (footnote omitted), the supreme court stated:

> Only two categories of causes outside the record are permitted; namely, those causes falling within the two jurisprudential exceptions to the abandonment rule. Those two exceptions are: (1) a plaintiff-oriented exception, based on *contra non valentem*, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.

With regard to the defense-oriented exception, the conduct or actions of the defendant which are inconsistent with the intent to treat a case as abandoned and which result in the waiver of the right to assert abandonment may occur either before or after the abandonment period has accrued and serves to recommence the abandonment period running anew. *See Id.* at 787-89. Neither of these jurisprudential exceptions to the abandonment rule is applicable in the present case.