# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-120


U.S. BANK NATIONAL ASSOCIATION,

AS TRUSTEE OF THE IGLOO SERIES III TRUST

VERSUS

JOHN TIMOTHY DUANE GUIDRY

AND SHARONE RENEE DAVIS GUIDRY

A/K/A SHARONE DAVIS GUIDRY


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 200911048
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Jonathan W. Perry, Judges.


**REVERSED AND REMANDED.**

**Trent John Gauthier**
**Attorney at Law**
**115 West Main Street, Suite 19**
**Lafayette, LA 70501**
**(337) 290-1806**
**COUNSEL FOR DEFENDANTS/PLAINTIFFS/APPELLANTS:**
    **John Timothy Duane Guidry**
    **Sharone Davis Guidry**

**Jason R. Smith**
**Dean Morris, L.L.C.**
**P. O. Box 2867**
**Monroe, LA 71207**
**(318) 388-1440**
**COUNSEL FOR PLAINTIFF/DEFENDANT/APPELLEE:**
    **U.S. Bank Trust National Association, as Trustee**
    **of the Igloo Series III Trust**

**Christopher D. Meyer**
**Burr & Forman, LLP**
**190 East Capitol Street, Suite M-100**
**Jackson, MS 39201**
**(601) 355-3434**
**COUNSEL FOR PLAINTIFF/DEFENDANT/APPELLEE:**
    **Wells Fargo Bank, N.A.**

**GREMILLION, Judge.**

Appellants, John Timothy Duane Guidry and Sharone Renee Davis Guidry, appeal the trial court's dismissal of their petition to annul executory proceedings and for temporary and permanent injunctions against U.S. Bank National Association, as Trustee of the Igloo Series III Trust (USB) and Wells Fargo, NA, in connection with a seizure and sale by the Acadia Parish Sheriff. For the reasons that follow, we reverse and remand to the trial court for proceedings consistent with this opinion.

## FACTS

On March 15, 2007, John Timothy Duane Guidry executed a promissory note in favor of Magnolia Mortgage, Inc., for the amount of $53,000.00. He and Sharone Guidry also granted a mortgage over immovable property in Acadia Parish, which is described as:

> That certain lot or parcel of ground, together with all improvements thereon and thereunto belonging, situated in Acadia Parish, Louisiana, being known and designated LOT THIRTY-ONE (31) of MURRELL ADDITION TO THE TOWN OF CHURCH POINT, said property having a frontage of 66.6 feet, more or less, on Melissa Street, with the further dimensions, boundaries, shape, form, location and configuration as shown on that certain plat of survey of said subdivision dated March 23, 1965, prepared by C. W. Lyman, Consulting Engineer attached to that act recorded under Entry No. 352578, of the records of Acadia Parish Clerk of Court; subject to restrictions, servitudes, rights-of-way and outstanding mineral rights of record affecting the property.

> Being the same property acquired by Gene Kuntz from John [T]ommy Guidry Sr. and Debra Ann Guidry by that Act of Sheriffs Deed dated May 8, 2002 and recorded May 31, 2002 under Entry No. 699949 of the records of Acadia Parish, Louisiana.

On September 22, 2009, Wells Fargo Bank, NA, filed an action for executory process for the seizure and sale of the above described property. A succession of Acadia Parish Sheriffs seized the property three times: on October 5, 2009, July 26,

2010, and April 9, 2018.[1]  In the interim, USB was substituted as plaintiff for Wells Fargo.  On May 30, 2018, the property was sold by the Acadia Parish Sheriff.  The record reflects that notices of the impending sale directed to John Timothy Duane Guidry and Sharone Renee Davis Guidry a/k/a Sharone Davis Guidry had been personally served on "John T. Guidry" on April 10, 2018.

On July 12,2018, the Guidrys filed a "PETITION TO ANNUL EXECUTORY PROCEEDINGS AND JUDICIAL SALE, FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF FOR WRONGFUL SEIZURE DAMAGES, ATTORNEY FEES, COSTS."  The petition alleged that the original filing for executory process by Wells Fargo omitted the promissory note.  According to the Guidrys, at the time the writ of seizure and sale was issued in 2018, they were in the process of negotiating a loan modification agreement with BSI Financial Services, a duly-authorized representative of USB; in spite of this, USB moved ahead with the seizure and sale, which the Guidrys allege indicates that USB was not acting in good faith.  Mr. Guidry denied that he had been served at all.  Lastly, Mrs. Guidry asserted that she was never served with the petition for executory process.  Both Guidrys denied that they were served with the notice of seizure and sale.  The petition prayed for a temporary restraining order, preliminary and permanent injunctive relief, and damages for wrongful seizure, including attorney fees and costs.

Wells Fargo and USB filed "responses" that asserted that the Guidrys improperly utilized summary proceedings and were required to file a petition in a separate ordinary proceeding.  The Guidrys countered that they did file a petition and that filing same in a separate proceeding amounts to a vain and useless act

---

[1] It has been asserted that the delays were necessitated by the filing of five bankruptcy proceedings by the Guidrys.  This is not corroborated by the record but is confirmed by counsel for the Guidrys in a memorandum.

because the two matters would have to be consolidated. Wells Fargo also argued that it had no interest in the suit because USB had been substituted as plaintiff.

The trial court heard the requests for dismissal by Wells Fargo and USB. The original note, the trial court found, was in the suit record, which was introduced into evidence by the Guidrys. The service returns were also noted by the trial court. Based upon these facts, the trial court dismissed the Guidrys' demands.

The Guidrys then perfected this appeal and assert one assignment of error, the trial court's dismissal of their action via summary proceeding.

## DISCUSSION AND ANALYSIS

This suit originated as an executory proceeding. "Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law." La.Code Civ.P. art. 2631. "[Executory process's] procedural bases are the debtor's confession of judgment before a notary public and two witnesses; supporting authentic evidence; and a determination by a judge that the submissions are adequate for the seizure and sale of the encumbered property to satisfy the debt." *Buckner v. Carmack*, 272 So.2d 326, 329 (La.1973). "Executory process, of course, is a harsh remedy and a party employing same must strictly comply with the requirements for its use set forth in LSA-C.C.P. Art. 2631 et seq." *Commercial Credit Corp. v. Nolan*, 385 So.2d 1246, 1248 (La.App. 3 Cir.1980).

However, pursuant to Louisiana Revised Statutes 13:4112, once the sheriff has filed the proces verbal of the sale or filed the sale for recordation, actions to annul or set aside the sale by executory process are barred when the basis is "any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure[.]" After the Acadia

Parish Sheriff filed the proces verbal, the Guidrys were barred from raising objections such as form or procedure or lack of authentic evidence.

In *Nolan*, the plaintiff filed an executory proceeding to seize and sell a mobile home that secured a chattel mortgage. The mobile home was seized. Within a month of the seizure, the Nolans filed a petition to enjoin the seizure and sale because the debt installment had actually been paid. This petition also prayed for damages and attorney fees. The trial court ruled in favor of the Nolans. Commercial Credit did not contest the propriety of filing the Nolans' petition in the executory proceeding.

The Louisiana Code of Civil Procedure allows for the conversion of an executory proceeding to an ordinary proceeding in two instances. Pursuant to Article 2644, the plaintiff in an executory proceeding may convert it to an ordinary proceeding by filing an amended petition asking that the defendant be cited and served and praying for judgment on the obligation. Article 2772 allows the conversion of an executory proceeding to an ordinary proceeding when the creditor seeks a deficiency judgment after the thing is seized and sold.

The Guidrys argue that the "responses" filed by USB and Wells Fargo amount to summary proceedings that may not be used to dispense with an ordinary proceeding. USB argues that the Guidrys improperly asserted a demand for damages in an executory proceeding.

We will address the Guidrys' contention first. A "response" is not a pleading recognized in the Louisiana Code of Civil Procedure. Those are petitions, answers, exceptions, and written motions. La.Code Civ.P. art. 852. From a purely technical perspective, the appropriate pleading would have been an exception or written motion; however, the substance of a pleading and not its caption determines its nature. *Barber v. Jefferson*, 17-72 (La.App. 3 Cir. 5/17/17), 221 So.3d 264.

4

The response of USB asserted that the Guidrys were improperly using an executory proceeding to assert a claim for damages. The substance of the USB response will be treated as a dilatory exception of unauthorized use of an executory proceeding and improper cumulation of actions. *See* La.Code Civ.P. art. 926.

In *Nationstar Mortgage, LLC v. Schales*, 18-439 (La.App. 3 Cir. 12/12/18), 261 So.3d 912, a mortgagee filed properly authenticated and verified executory proceedings to foreclose on defendant's home. The trial court found that the mortgagee was entitled to a writ of seizure and sale. The property was seized. Thereafter, the mortgagor filed a petition for a preliminary injunction, restraining order, and a reconventional demand for damages against the mortgagee. The mortgagee filed exceptions of unauthorized use of summary and executory proceedings, improper cumulation of actions, no cause of action, and prescription. The trial court granted the mortgagee's exception, and the mortgagor appealed.

This court noted that the demand for damages is actually an incidental demand in response to the principal demand for executory process. According to La.Code Civ.P. art. 1036(B), "[t]he mode of procedure employed in the incidental action shall be the same as that used in the principal action, except as provided by law." On this basis, we affirmed the trial court's grant of the exception of improper use of executory proceedings. Similarly, we affirmed the trial court's maintenance of the exception of improper cumulation of actions. We reversed the trial court's grant of the exception of no cause of action. We ordered that the improperly cumulated actions be severed from the executory proceeding, assigned a new docket number or that the mortgagor be ordered to amend his pleading to conform to proper procedure.

We find that the *Nationstar* approach is the appropriate resolution to the present matter. The trial court did not err in maintaining USB's exceptions; rather, it erred in dismissing the Guidrys' demands. Therefore, we reverse the trial court's

5

dismissal of the Guidrys' demands and remand the matter to the trial court for the entry of an order that severs the Guidrys' "petition" from the executory proceeding and assigns it a new docket number so that it can proceed as an ordinary action.

The costs of this appeal are assessed equally between the Guidrys and the defendants.

**REVERSED AND REMANDED.**