JiBYRNES, Judge.
Plaintiff, Edward H. Dixon, filed a motion to dismiss the defendants’ appeal based on the claim that the appeal was filed prematurely.
This case involved an automobile accident which occurred on December 28,1995. After a trial on November 26, 1996, the trial court rendered a judgment dated December 2, 1996 in favor of the plaintiff and against the defendants for damages in the amount of $6,407. On December 9, 1996 the plaintiff filed a motion for new trial and in the alternative, for judgment notwithstanding the verdict (JNOV), and a hearing on the motion was held on January 7, 1997. On December *1096 30, 1996 the trial court granted the defendants a suspensive appeal.
Plaintiff argues that the defendants’ appeal is premature based on the contention that the trial court did not render a decision on the plaintiffs motion for new trial and for JNOV.
The defendants assert that the plaintiff was actually requesting a motion for additur in asking for an increase in the award in penalties and attorney’s fees. The defendants maintain that the effect of the trial court’s judgment that is being |2appealed will not be changed in any way no matter how the trial court rules on the plaintiffs ¿dditur request.
It is well settled in Louisiana law that an appeal taken while a timely motion for a new trial is pending is premature and subject to dismissal because the motion suspends the operation of the final judgment being appealed. Sledge v. Continental Cas. Co., 26,472 (La.App. 2 Cir. 1/25/95), 654 So.2d 358. Where the trial court does not rule on the motion for new trial, the trial court is never divested of original jurisdiction, and the appellate court lacks jurisdiction to hear the appeal. Bowers v. Viator, 597 So.2d 1250 (La.App. 3 Cir.1992), appeal after remand, 625 So.2d 355 (La.App. 3 Cir.1993); and writ denied 93-3023 (La.2/4/94), 633 So.2d 171. Failure to raise the issue is not sufficient to confer jurisdiction on this court. Ventress v. Union Pacific R. Co., 95-1240 (La.App. 4 Cir. 12/28/95), 666 So.2d 1210, writ granted, judgment reversed in part and remanded on other grounds, 96-0501 (La.5/3/96), 672 So.2d 668. The appellate court at any time and on its own motion, may dismiss an appeal where there is no right to appeal. La. C.C.P. art. 2162; Bowers, supra, Schenker v. Watkins, 521 So.2d 686 (La.App. 1 Cir.1988). The appellate court can dismiss an appeal at any time for lack of jurisdiction. Thomas v. Department of Corrections, 430 So.2d 1153 (La.App. 1 Cir.1983), writ denied 435 So.2d 432 (La.1983), and writ denied by Thomas v. Department of Corrections, Lti in Monroe, 438 So.2d 566 (La.1983). The delay for taking an appeal does not commence to run until the trial court rules on a pending motion for new trial. La. C.C.P. arts. 2087 and 2123; Bowers, supra.
[<¡The defendants’ contention that only ad-ditur is involved in the present case is not pertinent. An order for additur is contingent on whether or not the nonmoving party elects to submit to a new trial. La. C.C.P. art. 1814;[1] Miller v. Chicago Ins. Co., 320 So.2d 134, 136 (La.1975). In the present case the trial court did not enter an order for additur. Nor did the defendants, the non-moving parties, agree to an order for additur as an alternative to a new trial.
The defendants do not contest that the trial court did not rule on the plaintiffs motion for new trial before granting the appeal. It cannot be inferred that the trial court denied the plaintiffs motion for new trial by granting the appeal. The trial court must expressly rule on the plaintiffs motion for new trial or the appeal is premature. In Sledge, supra, on rehearing the appellate court did not infer that the trial court denied the alternative motion for new trial by granting the JNOV or by granting the appeal. The appellate court dismissed the appeal and remanded the case for a ruling on the pending motion for a new trial in compliance with La. C.C.P. art. 1811. See also Bowers, supra. Furthermore, La. C.C.P. art. 1811(C) requires that the trial court “shall specify the grounds for granting orjjdenying the motion for new trial.” In Ventress, supra, this court noted that La. C.C.P. art. 1811(C) does not require that the denial of a new trial be worded in any particular manner. However, this court did not find that denial of a motion *1097 for new trial can be inferred from the granting of a JNOV or the granting of an appeal. This court did not remand the case because in the trial court’s judgment granting JNOV, the trial court expressly denied the motion for new trial.
In the present case this court does not have jurisdiction to review the appeal because the record does not show that the trial court ruled on the plaintiffs motion for new trial. Accordingly, the defendants’ appeal is dismissed because it is premature. The case is remanded to the trial court for a ruling on the plaintiffs pending motion for new trial and for JNOV.

APPEAL DISMISSED; CASE REMANDED.

. La. C.C.P. art. 1814 provides:
Art. 1814. Remittitur or additur as alternative to new trial; reformation of verdict
If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the issue of quantum is clearly and fairly separable from other issues in the case. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith.