788 So.2d 690 (2001)
Susan E. Goldbach, Wife of/and Ronald ATCHLEY
v.
J. Ronald ATCHLEY.
No. 01-CA-67.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2001.
*691 Andre P. Guichard, New Orleans, LA, Attorney for Appellants Robert T. Garrity, Jr. and Richard E. Anderson.
John V. Baus, Jr., Jennifer C. deBlanc, Baus & Daly, L.L.P., New Orleans, LA, Attorneys for Appellee J. Ronald Atchley.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and JAMES C. GULOTTA, Pro Tempore.
JAMES L. CANNELLA, Judge.
Attorneys, Robert Garrity and Richard Anderson (Garrity and Anderson), who represented the intervenor, Mary Lou Atchley, appeal from the trial court judgment that sanctions them and awards the Defendant, J. Ronald Atchley, the sum of $1700. For the reasons which follow, we deny the motion to dismiss appeal and vacate and set aside the sanctions.
In this domestic matter in the district court, the Defendant filed a motion for sanctions against Garrity and Anderson for filing frivolous pleadings. On August 17, 1998, Garrity and counsel for the Defendant met with the trial judge's clerk and set a date for hearing, on October 28, 1998, as a second setting, and on December 22, 1998, as a first setting. For the October 28th hearing, the Defendant asserts that Garrity waived notice and a subpoena was issued to Anderson. Thereafter, the Defendant was contacted by the court clerk and advised that the trial judge had to reschedule the December 22, 1998 date to January 19, 1999. There was no mention of the October 28, 1998 court date. The Defendant confirmed this change with the trial court by letter copied to both Garrity and Anderson. The Defendant checked with the trial court sometime prior to October 28, 1998 and found that the matter set first for that date had been continued. Therefore, the Defendant and his counsel appeared in court on October 28, 1998 with numerous boxes of documents, ready for the hearing. Neither Garrity nor Anderson appeared on the October 28, 1998. They explained, in brief, that, because of the notification of the December 22nd change, they "assumed" that the October 28th hearing date had been reset as well. Because Garrity and *692 Anderson were not present for the October 28th hearing, the court reset the matter to January 19, 1999. On January 11, 1999, the Defendant filed a Second Supplemental Motion for Sanctions, requesting an additional $1700 because Garrity and Anderson failed to appear at the October 28, 1998 hearing.
Following numerous continuances, the hearing on the request for sanctions was heard on April 10 and 11, 2000. At the conclusion of the hearing, the Defendant reminded the trial court of the supplemental request for $1700 in sanctions for Garrity's and Anderson's failure to appear on October 28, 1998. Counsel for Garrity and Anderson requested that he be allowed to respond to that request for sanctions in post trial written memorandum because Garrity was not then present in court. The trial court granted the request, took the matter under advisement, but indicated that he was inclined to award the $1700 for additional sanctions due to the nonappearance of Garrity and Anderson for the October 28, 1998 hearing. The trial court allowed 7 days for a post trial memorandum from Garrity and Anderson and 3 days thereafter for a defense response by the Defendant. The trial court then indicated its interest in finalizing a judgment quickly.
On April 18, 2000, Garrity and Anderson filed a Motion and Incorporated Memorandum to Reconsider Sanctions along with their Post Trial Memorandum. On April 24, 2000, the Defendant filed an Opposition to the Motion to Reconsider Sanctions. On April 25, 2000, the trial court rendered a written judgment in favor of the Defendant and against Garrity and Anderson, awarding $1700 in sanctions. A notice of judgment was issued on May 9, 2000. After all delays had run, the Defendant contacted Garrity and Anderson about payment of the $1700. Garrity and Anderson informed the Defendant that, in their view, their motion to reconsider constituted a motion for new trial, and, since it had not been ruled upon, appellate delays had not yet run. On July 12, 2000, the Defendant filed a rule to show cause why the motion to reconsider should not be deemed denied by the signing of the written judgment and not considered as a motion for new trial because of its improper form. On October 19, 2000, the trial court, after hearing argument (and apparent testimony by Garrity), stated that he did not view the motion to reconsider, absent a request for a hearing, to be a motion for new trial, but only post trial argument expressly permitted by the trial court at the close of the hearing. As a precaution, however, the trial court ruled that the motion to reconsider was denied. On October 27, 2000 Garrity and Anderson filed a notice of appeal from the April 25, 2000 judgment requiring them to pay the $1700 sanctions to the Defendant.
On March 5, 2000, the Defendant filed a Motion to Dismiss the Appeal as not timely filed. The Motion to Dismiss the Appeal was referred to the merits. Thus, before reaching the merits of the appeal, whether the sanctions were properly imposed, we will first consider whether the appeal should be dismissed as not timely filed.
The Defendant argues several reasons why the motion to reconsider did not constitute a motion for new trial, which would suspend the running of the appellate delays. First, it is not in the required form of a motion for new trial nor was it a contradictory motion, both as provided in the Code of Civil Procedure. Also, it was not served on the parties as required by La. C.C.P. art.1976. Therefore, the Defendant argues that since the Garrity and Anderson motion was not in the form required for a new trial motion, it should not be treated as such. Rather, under the *693 facts of this case, because the trial court allowed 7 days to file post trial memoranda, and Garrity's counsel specifically asked to be allowed to respond to the Defendant's argument by post trial memorandum, the Garrity and Anderson motion was really nothing more than memorandum argument. Further, the Defendant argues that, since the trial court allowed the 7 days, and the motion to reconsider was filed within that 7 day period, the subsequent signing of the judgment awarding the sanctions was a rejection by the trial court of the arguments presented. Thus, the Defendant argues that the appellate delays began to run with the issuance of the notice of judgment on May 9, 2000, making the notice of appeal filed on October 27, 2000 untimely.
As argued in the trial court, Garrity and Anderson contend that their Motion and Incorporated Memorandum to Reconsider Sanctions should be treated as a motion for new trial which would have prevented the appellate delays from running.
After reviewing the record, which was designated by Garrity and Anderson, and the peculiar procedural circumstances of this case, we find Garrity's and Anderson's argument, that their motion to reconsidered should be treated as a motion for new trial, despite its noncompliance with the rules of Civil Procedure for a motion for new trial, to have merit.
It has long been recognized that a court will look to the import of a pleading and not be bound by the title. Every pleading is to be construed so as to do substantial justice. La. C.C.P. art. 865. The caption of the pleading does not control. Rather, the court is obligated to determine the substance of the pleading. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Thompson v. Harrington, 99-571 (La.App. 3rd Cir.1999), 746 So.2d 652. It is also well settled that the articles of the Code of Civil Procedure are to be construed liberally and to implement the substantive law and are not an end in themselves. La. C.C.P. art. 5051.
In this case, Garrity and Anderson filed a pleading, the substance of which was a request for a new trial, although it was titled motion for reconsideration. It was timely filed as a motion for new trial, within 7 days of what was perceived to be an oral ruling by the trial court. Further, when considered by the trial court, there was doubt expressed by the trial court as to the nature of the filing to cause the trial court to deny the motion for the sake of finality. Thus, we find that the motion for reconsideration was in substance a motion for new trial, such that the filing of the motion interrupted the running of the appellate delays. Accordingly, the Motion to Dismiss the Appeal as untimely is hereby denied.
As to the merits of the case, we find no legal authority to support the court's imposition of $1700 in sanctions against these attorneys, payable to the Defendant in the case. While the Code of Civil Procedure does allow the trial court to enforce its orders, the available remedy is through its contempt powers. La. C.C.P. arts. 221 et seq. Under the rules for contempt, certain procedures must followed, which were not complied with in this case. Further, the amount of the fine imposed is in excess of that authorized by law, La. R.S. 13:4611 and was not made payable to the court. Therefore, we find that the sanctions imposed by the trial court in this case must be vacated and set aside.
Accordingly, we deny the Defendant's Motion to Dismiss the Appeal and reverse the judgment rendered against Garrity and Anderson awarding the Defendant *694 $1700 in sanctions. Costs of appeal are assessed against the Defendant.
MOTION TO DISMISS APPEAL DENIED; JUDGMENT VACATED AND SET ASIDE.