ROBERT M. MURPHY, Judge.
| 2PIaintiff-appellant, Rebecca Pouncy, appeals a judgment granting summary judgment in favor of defendant-appellee, Winn Dixie Louisiana, Inc. (“Winn Dixie”) and denying her motion to compel more complete discovery responses. Based upon a jurisdictional defect set forth herein, we dismiss the appeal and remand the matter to the trial court for a ruling on plaintiff-appellant’s motion for reconsideration.
PROCEDURAL BACKGROUND
| .¡Plaintiff filed a petition for damages against Winn Dixie arising out injuries she allegedly sustained in a slip and fall accident that occurred on March 20, 2013 in Winn Dixie’s Metairie, Louisiana location. After filing its answer, Winn Dixie filed a motion for summary judgment on December 18, 2013, seeking a dismissal of plaintiff’s claims with prejudice. Plaintiff filed an opposition to Winn Dixie’s motion on January 23,, 2014, and filed a motion to compel more complete discovery responses on January 31, 2014. The trial court conducted a hearing on Winn Dixie’s motion for summary judgment and on plaintiffs motion to compel on April 1, 2014.
On April 2, 2014, the trial court signed a judgment granting Winn Dixie’s motion for summary judgment, and denying plaintiffs motion to compel. The notice of judgment was mailed to the parties by the Clerk of Court on April 14, 2014. On April 18, 2014, plaintiff filed a “Motion and Memorandum for Reconsideration of the Summary Judgment and Motion to Compel,” which the trial court set for hearing on July 1, 2014. Prior to the hearing on her motion for reconsideration, and to any ruling thereon, plaintiff filed a motion for appeal of the trial court’s April 2, 2014 judgment on May 7, 2014. The trial court granted plaintiffs motion for appeal on May 13, 2014, giving plaintiff thirty days to file her appeal with this Court. The minute entry from the July 1, 2014 hearing date of plaintiffs motion for reconsideration shows that the motion was continued without date. Accordingly, the record reflects that at the time the trial court granted plaintiffs motion for appeal of the judgment granting Winn Dixie’s motion for summary judgment and denying her motion to compel, the trial court had not yet ruled on plaintiffs motion for reconsideration of that judgment, nor has it ruled on her motion for reconsideration as of this date.
LAW AND DISCUSSION
14As an initial matter, we note that the Louisiana Code of Civil Procedure does not provide for a motion to reconsider. However, the jurisprudence provides that a motion to reconsider is treated like a motion for new trial. See Atchley v. Atchley, 01-67 (La.App. 5 Cir. 5/30/01), 788 So.2d 690, 693, writ denied, 01-1915 (La.2/8/02), 808 So.2d 349; Jennings v. J. Ray McDermott Holdings, Inc., 99-3161 (La.App. 4 Cir. 4/5/00), 760 So.2d 462, 463. It has long been recognized that a court will look to the import of a pleading and not be bound by the title. Atchley, 788 So.2d at 693. Every pleading is to be construed so as to do substantial justice. La. C.C.P. art. 865. The caption of the pleading does not control. Atchley, 788 So.2d at 693. Rather, the court is obligated to determine the substance of the pleading. Id. (citing Smith v. Cajun Insu *912 lotion, Inc., 392 So.2d 398 (La.1980); Thompson v. Harrington, 99-571 (La.App. 3 Cir.1999)), 746 So.2d 652.
In this case, plaintiff filed a pleading, the substance of which was a request for a new trial on the motion for summary judgment and the motion to compel, although it was titled as a motion for reconsideration. Therefore, we find that plaintiffs motion for reconsideration (hereinafter “motion for reconsideration/new trial”) should be treated as a motion for new trial. See Atchley, 788 So.2d at 693.
Under La. C.C.P. art. 1974, the delay for applying for a new trial shall be seven days, exclusive of legal holidays, which commences to run on the day after the clerk has mailed the notice of judg-mént. Here, the clerk of court mailed the notice of judgment on April 14, 2014, ánd plaintiff filed her motion for reconsideration/new trial as to that judgment on April 18, 2014. Therefore, plaintiff timely filed her motion for reconsideration/new trial within seven days after the mailing of the notice of judgment, as set forth in La. C.C.P. art. 1974.
It is well settled in Louisiana law that an appeal taken while a timely motion for a new trial or request for rehearing is pending is premature and subject to [iidismissal because the motion suspends the operation of the final judgment being appealed. State Through Dep’t of Transp. & Dev. v. Scramuzza, 594 So.2d 517, 521 (La.App. 5 Cir.1992); Crescent Real Estate Equities/1100 Poydras v. Louisiana Tax Comm’n, 01-1434 (La.App. 1 Cir. 9/28/01), 809 So.2d 394, 396. When a timely motion for a new trial has been filed, the delay for taking an appeal does not commence to run until the motion for a new trial has been denied. Scramuzza, 594 So.2d at 521. La. C.C.P. art. 2087(D) provides that “[a]n order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict.”
Accordingly, where the trial court does not rule on the motion for new trial, the trial court is never divested of original jurisdiction, and the appellate court lacks jurisdiction to hear the appeal. Merritt v. Dixon, 97-0781 (La.App. 4 Cir. 5/28/97), 695 So.2d 1095, 1096. Failure to raise the issue is not sufficient to confer jurisdiction on this Court. Id. The appellate court can dismiss an appeal at any time for lack of jurisdiction. La. C.C.P. art. 2162.
In the present case, the motion for reconsideration/new trial was taken on the trial court’s April 2, 2014 judgment granting Winn Dixie’s motion for summary judgment and denying plaintiffs motion to compel. Approximately two weeks later, plaintiff filed a motion for appeal of that same judgment. The trial court then signed an order granting plaintiffs motion for appeal, prior to ruling on plaintiffs timely filed motion for reconsideration/new trial. Because the record shows that the trial court has failed to rule on plaintiffs timely motion for reconsideration/new trial, the order granting her appeal is premature as set forth in La. C.C.P. arts.2087 and 2123. Where a motion for new trial is still pending, the trial court is never divested of original jurisdiction because the delay for taking an appeal has not yet commenced to run. See Merritt, 695 So.2d at 1096; Scramuzza, | fi594 So.2d at 521. Accordingly, we find that this Court has no appellate jurisdiction to hear this appeal because the trial court has not been properly divested of its original jurisdiction.
DECREE
For the foregoing reasons, we dismiss plaintiff-appellant’s appeal and remand the *913 matter to the trial court for a ruling on her motion for reconsideration/new trial. Costs of this appeal are assessed against plaintiff-appellant.
APPEAL DISMISSED; CASE REMANDED