LIQUIDATION PROPERTIES, INC., WITHOUT RECOURSE

VERSUS

JAMIE P. LABANCHE AND KIM MARTIN LABRANCHE

NO. 19-CA-277

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 54,549, DIVISION "A"
HONORABLE MADELINE JASMINE, JUDGE PRESIDING


November 27, 2019


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.


**APPEAL DISMISSED; REMANDED**

    **JJM**
    **MEJ**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLEE,
NESTOR I, LLC
      Ashley E. Morris

COUNSEL FOR DEFENDANT/APPELLANT,
JAMIE P. LABRANCHE AND KIM MARTIN LABRANCHE
      Jamie P. Labranche

**MOLAISON, J.**

Defendant/appellant, Jamie P. LaBranche, appeals the trial court's grant of a summary judgment, and the denial of a motion to recuse the trial judge. For the following reasons, we dismiss the appeal based upon a lack of jurisdiction and remand for further proceedings.[1]

## LACK OF JURISDICTION

In this action for a mortgage foreclosure by ordinary process, Mr. LaBranche, in proper person, first challenges the trial court's January 22, 2018 "Reformed Judgment" pertaining to the appellee's cross motion for summary judgment, and the April 30, 2018 denial of his motion for new trial. The record reflects that on May 29, 2018, Mr. LaBranche filed a motion to annul the reformed judgment and a motion for a jury trial. On September 18, 2018, Judge Jasmine granted Mr. LaBranche a suspensive appeal and stayed his motion to annul pending the outcome of his suspensive appeal.

It has long been recognized that a court will look to the import of a pleading and not be bound by the title. *Atchley v. Atchley*, 01-67 (La. App. 5 Cir. 5/30/01), 788 So.2d 690, *writ denied*, 01-1915 (La. 2/8/02), 808 So.2d 349. Every pleading is to be construed so as to do substantial justice. La. C.C.P. art. 865. The caption of the pleading does not control. *Atchley*, 788 So.2d at 693. Rather, the court is obligated to determine the substance of the pleading. *Id.* With this in mind, we deem Mr. LaBranche's "motion to annul" to be a motion for new trial that challenges the ruling in the reformed judgment.

---

[1] We pretermit a discussion of the procedural history of this case, which has proven to be a challenging task to formulate based upon the record itself. Because of non-specific language used by Mr. LaBranche and by the trial court in its Orders granting and dismissing appeals, the record is extremely confusing as to which judgments are being referred to. For example, one Order of suspensive appeal failed to identify a specific judgment by subject matter or date.

In construing appellant's *pro se* pleadings to do substantial justice, we were also called upon to review instances where the trial court failed to adhere to requirements detailed in the Code of Civil Procedure pertaining to the granting of appellant's suspensive and devolutive appeals. In the interest in protecting the rights of all parties and maintaining the accuracy of the record, we would remind the trial court to be as thorough as possible when drafting orders and judgments in future proceedings.

It is well settled in Louisiana law that an appeal taken while a timely motion for a new trial or request for rehearing is pending is premature and subject to dismissal because the motion suspends the operation of the final judgment being appealed. *State Through Dep't of Transp. & Dev. v. Scramuzza*, 594 So.2d 517, 521 (La. App. 5 Cir. 1992); *Crescent Real Estate Equities/1100 Poydras v. Louisiana Tax Comm'n*, 01-1434 (La. App. 1 Cir. 9/28/01), 809 So.2d 394, 396. When a timely motion for a new trial has been filed, the delay for taking an appeal does not commence to run until the motion for a new trial has been denied. *Scramuzza*, 594 So.2d at 521. La. C.C.P. art. 2087(D) provides that "[a]n order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict." Accordingly, where the trial court does not rule on the motion for new trial, the trial court is never divested of original jurisdiction, and the appellate court lacks jurisdiction to hear the appeal. *Merritt v. Dixon*, 97-0781 (La. App. 4 Cir. 5/28/97), 695 So.2d 1095, 1096. Failure to raise the issue is not sufficient to confer jurisdiction on this Court. *Id*. The appellate court can dismiss an appeal at any time for lack of jurisdiction. La. C.C.P. art. 2162. *Pouncy v. Winn-Dixie Louisiana, Inc.*, 14-496 (La. App. 5 Cir. 9/24/14), 150 So.3d 909, 912.

Based on the foregoing, we find that we are without jurisdiction to consider the merits of Mr. LaBranche's appeal related to the trial court's January 22, 2018 "Reformed Judgment."

*Motion To Recuse*

Included among the assignments of error in his instant appeal, Mr. LaBranche challenges the trial court's August 7, 2018 denial of his motion to recuse Judge Jasmine.

On September 6, 2018, Mr. LaBranche was granted a devolutive appeal

regarding the denial of his motion to recuse Judge Jasmine.  On February 5, 2019, the district court granted Mr. LaBranche's motion to dismiss his devolutive appeal. Thus we find that any issues related to motion to recuse Judge Jasmine are not before us.

**<u>DECREE</u>**

Based upon our lack of jurisdiction, Mr. LaBranche's appeal is dismissed. The matter is remanded for further proceedings, including a trial court ruling on appellant's pending motion to annul the reformed judgment.

**<u>APPEAL DISMISSED; REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 27, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-277

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE MADELINE JASMINE (DISTRICT JUDGE)
ASHLEY E. MORRIS (APPELLEE)

### MAILED
JOHN C. MORRIS, IV (APPELLEE)
ATTORNEY AT LAW
1505 NORTH 19TH STREET
MONROE, LA 71201

JAMIE P. LABRANCHE (APPELLANT)
IN PROPER PERSON
2173 CARMEL VALLEY DRIVE
LAPLACE, LA 70068