| DANERIC ANDERSON | * | NO. 2023-CA-0483 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| KENNETH BRIGGS, ABC | * | |
| INSURANCE COMPANY, | | FOURTH CIRCUIT |
| PORTS AMERICA | * | |
| LOUISIANA, L.L.C., XYZ | | STATE OF LOUISIANA |
| INSURANCE COMPANY & | * * * * * * * | |
| JKL INSURANCE COMPANY | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-11757, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge
Nakisha Ervin-Knott)

**LEDET, J., DISSENTS WITH REASONS**

Walter P. Maestri
Raymond C. Lewis
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130


            COUNSEL FOR PLAINTIFF/APPELLEE


Scott A. Soule
Frank J. Torres
Josephine H. Azuma
BLUE WILLIAMS, L.L.P.
3421 North Causeway Blvd., Suite 900
Metairie, LA 70002


            COUNSEL FOR DEFENDANTS/APPELLANTS


                              **APPEAL DISMISSED WITHOUT PREJUDICE;**
                                     **REMANDED WITH INSTRUCTIONS**
                                                  **JANUARY 10, 2024**

Appellants, Ports America Louisiana, LLC ("Ports America") and Kenneth Briggs ("Mr. Briggs"), appeal the trial court's March 21, 2023 judgment granting Admiral Security Services, Inc. ("ASSI") and Admiral Security Holdings, LLC ("ASH")'s motion for summary judgment and dismissing these third-party defendants with prejudice. After considering the record before this Court, we dismiss the appeal without prejudice as premature, and we remand this matter to the trial court with instructions.

On December 8, 2017, Daneric Anderson ("Mr. Anderson") filed a petition for damages stemming from a motor vehicle accident that occurred at the Port of New Orleans. In his petition, Mr. Anderson alleged that he was driving eastbound on Terminal Drive in a two-door 2000 International Bus when Mr. Briggs, who was operating a 2003 Yard Dog YH908 connected to Chassis BC392, attempted to make a left-hand turn out of the Chassis Yard onto Terminal Drive and struck Mr. Anderson's vehicle. At the time of the accident, Mr. Briggs was an employee of Ports America and was operating within the course and scope of his employment. Mr. Anderson named Mr. Briggs, Ports America, and Ports America's liability and uninsured motorist insurers as defendants in his petition.

In response to Mr. Anderson's petition, Ports America filed an answer on April 6, 2018. Subsequent to filing its answer, Ports America filed a third-party demand against ASSI, Mr. Anderson's employer, on September 14, 2020, asserting entitlement to full indemnification and reimbursement from ASSI based on a contract between the parties. On December 21, 2021, Ports America filed an additional third-party demand adding ASH as a third-party defendant.

Thereafter, on February 3, 2023, ASSI and ASH filed a motion for summary judgment ("motion") asserting that the indemnity provision did not apply to the defense and indemnity of actions attributed to Ports America's own negligence. The hearing on ASSI and ASH's motion was held on March 3, 2023. On March 21, 2023, the trial court issued a judgment granting the motion and dismissing third-party defendants, ASSI and ASH, with prejudice. On March 28, 2023, Ports America and Mr. Briggs filed a motion for new trial regarding the granting of ASSI and ASH's motion. However, the record on appeal does not reflect that the trial court ruled on the motion for new trial.[1]

---

[1] On December 22, 2023, the Court issued an order to the Clerk of Court of Civil District Court for the Parish of Orleans to supplement the record with the judgment and notice of signing of judgment regarding Ports America and Mr. Briggs' motion for new trial that were missing from the record. The Clerk of Court of Civil District Court for the Parish of Orleans responded with correspondence dated December 28, 2023 providing the Court with all judgments filed in this case; the judgment and notice of signing of judgment regarding Ports America and Mr. Briggs' motion for new trial were not included. On January 3, 2024, the Court issued an order to the trial court to supplement the record with the judgment relative to this specific motion for new trial. The trial court responded with a *per curiam* dated January 4, 2024, which stated, in pertinent part, "[u]pon review of the record in this matter, this Court discovered, due to an oversight, the parties did not file nor did this Court prepare the judgment on this *Motion*. As such, the Court now issues this *Judgment* and *Notice of Signing of Judgment*." Notwithstanding the trial court's newly issued judgment, the trial court has no jurisdiction to issue a judgment at this time as it has been divested of jurisdiction. Pursuant to La. C.C.P. art. 2088(A), which states, "[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal" with the exception of certain matters. Once the trial court signed the order granting the appeal, it divested itself of jurisdiction and lacked authority to later issue a judgment and notice of signing of jurisdiction on a motion for new trial.

This matter proceeded as a jury trial regarding the issue of liability on April 10, 2023, and the trial concluded on April 13, 2023, with the jury rendering a verdict. On May 8, 2023, the trial court issued a judgment reflecting the jury verdict, in pertinent part:

> **IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment in favor of plaintiff, Daneric Anderson, and against Defendants, Kenneth Briggs and Ports America Louisiana LLC, for the personal injuries and damages in the full amount of $104,310.00, which represents the jury's apportionment of fault as to these defendants.

> **IT IS ORDERED, ADJUDGED AND DECREED** that fault be apportioned as follows: Kenneth Briggs/Ports America Louisiana, L.L.C. 15% Daneric Anderson 45% Admiral Security Services 40% which apportionment has already been accounted for in the above paragraphs.

On May 12, 2023, Ports America filed a motion for devolutive appeal regarding the granting of ASSI and ASH's motion and their dismissal, which was signed on May 16, 2023.

As noted previously by this Court, "[a]ppellate courts have a duty to determine, *sua sponte*, whether the court has proper jurisdiction to consider the merits of an appeal filed in the court." *Groome v. Carr*, 2020-0019, p. 3 (La. App. 4 Cir. 4/1/20), 364 So.3d 236, 238 (quoting *Schwarzenberger v. Louisiana State Univ. Health Scis. Ctr.-New Orleans*, 18-0812, p. 2 (La. App. 4 Cir. 1/9/19), 263 So.3d 449, 451-452). An order of appeal is premature if it is granted before the disposition of any motions for new trial. *Id.* (citing La. C.C.P. art. 2087(D)). An order granting an appeal becomes effective upon the denial of such motions. *Id.* This Court has explained:

> It is well settled in Louisiana law that an appeal taken while a timely motion for a new trial is pending is premature and subject to dismissal because the motion suspends the operation of the final judgment being appealed.... Where the trial court does not rule on the motion for new trial, the trial court is never divested of original jurisdiction, and the

3

> appellate court lacks jurisdiction to hear the appeal.... The appellate court can dismiss an appeal at any time for lack of jurisdiction.

*Id.* at p. 3, 364 So.3d at 239 (quoting *Merritt v. Dixon*, 1997-0781, p. 2 (La. App. 4 Cir. 5/28/97), 695 So.2d 1095, 1096 (internal citations omitted)).

In the case *sub judice*, Ports America and Mr. Briggs' motion for new trial was timely filed within the delays allowed by law.[2] As evidenced in the record, no judgment has been rendered on the motion for new trial.[3] Therefore, we find this appeal premature, and this Court lacks appellate jurisdiction over this matter.

Accordingly, the appeal is dismissed without prejudice, and any party may seek appellate review at a time when this matter becomes ripe for appeal. Further, this case is remanded to the trial court with instructions to issue a valid judgment on the motion for new trial.

**APPEAL DISMISSED WITHOUT PREJUDICE;**
**REMANDED WITH INSTRUCTIONS**

---

[2] Louisiana Code of Civil Procedure article 1974 states, "A party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913." The record on appeal shows that the judgment on ASSI and ASH's motion was signed on March 21, 2023, and a notice of signing of judgment was issued on the same day. Ports America and Mr. Briggs filed their motion for new trial on March 28, 2023, which was within the seven-day time delay specified in La. C.C.P. art. 1974. Accordingly, the motion for new trial was timely filed.

[3] An examination of the record reveals that there is neither a written judgment nor hearing transcript evidencing Ports America and Mr. Briggs' motion for new trial was heard and orally denied.